UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DON ANTOINE,

        Plaintiff,

   v.

COUNTY OF SACRAMENTO,
DARIN GRIEM, CHRIS BAKER,
JOSEPH REEVE, GRIAN WADE,
and CHRISTOPHER BRITTON,

        Defendants.
_____/

NO. CIV. S-06-01349 WBS GGH

ORDER RE: MOTION FOR RECONSIDERATION

----oo0oo----

        Defendants move for reconsideration of this court's Order of June 26, 2008.  In that Order, the court concluded that it had committed plain error in its instructions to the jury on the issue of damages, but rejected defendants' arguments that the court committed error in any of its evidentiary rulings or instructions to the jury on the issue of liability.  Because the

1

court also rejected defendants' arguments relating to alleged misconduct by plaintiff's attorneys and found that the evidence was sufficient to support the jury's finding of liability, the court denied defendants' motion for a new trial on the issue of liability.

Based on those findings, the court in its Order of June 26, 2008, granted defendants' motion for a new trial on the issues of damages only and expressed the intention of instructing the new jury upon retrial that defendants have been determined to be liable and that their job is only to determine the amount of damages proximately resulting from the violations of plaintiff's Fourth and Fourteenth Amendment rights.

In their motion for reconsideration, defendants argue that a new trial on the issue of damages only would violate their Seventh Amendment right to a jury trial, citing Gasoline Prods. Co., Inc. v. Champlin Refining Co., 283 U.S. 494, 500 (1931) (holding that it would be a denial of the defendant's right to a fair trial to order a partial new trial only on the issue of damages where the question of damages is not so distinct and separable from the question of liability that it could be submitted to the jury independently without creating confusion and uncertainty).

The Seventh Amendment does indeed guaranty defendants the right to a fair trial in a civil case. See Latiolais v. Whitley, 93 F.3d 205, 207 (5th Cir. 1996) (citing Lemons v. Skidmore, 985 F.2d 354, 357 (7th Cir. 1993) and Bailey v. Sys. Innovation, Inc., 852 F.2d 93, 98 (3d Cir. 1988) (holding that "fairness in a jury trial, whether criminal or civil in nature,

2

is a vital constitutional right")). What must not be forgotten, however, is that plaintiff has the same constitutional right to a fair trial. Plaintiff's attorneys in this case, against what many observers would have agreed to be difficult odds, achieved a jury verdict in his favor – which this court has found to be untainted by any error on the issue of liability. That victory should not be taken away from plaintiff unless absolutely necessary to achieve justice.

The problem with attempting to separate the issue of damages from the issue of liability in any retrial of this case is that the case was presented to the first jury on several different theories of liability. For example, plaintiff alternatively contended that defendants violated his Fourth and Fourteenth Amendment rights by (1) striking him in the ribs, (2) applying unreasonable pressure to his throat, and (3) unreasonably chaining him to the grate in his cell rather than using an alternative means of restraint. The damages which would flow from each of those alleged actions would, of necessity, be different. Without knowing which conduct the first jury found to constitute the constitutional violation, the second jury would be unable to assess the damages proximately resulting from that conduct.

Punitive damages present the same problem. The amount of punitive damages to be awarded – or even if they should be awarded at all – can depend, at least in part, on the amount of compensatory damages found. See Exxon Shipping Co. v. Baker, ___ U.S. ___, 128 S.Ct. 2605 (2008) (holding that under maritime law the maximum award of punitive damages allowed is an amount

equal to the award of compensatory damages).  More importantly, the amount necessary to punish a defendant or make an example of him would of necessity depend upon what conduct the jury intends to punish.

Plaintiff insists that the problem can be avoided by simply presenting the second jury with the same evidence as was presented in the first trial and instructing them that liability, i.e., excessive force and punitive restraint, was caused by "what occurred from when Mr. Antoine started knocking on the safety-cell door until he was released from being chained to the grate."  Plaintiff's attorney then suggests that the jury be asked to "determine the extent of the force used" and compensate plaintiff for the "injury or suffering resulting from it."

The court wishes it were that simple.  But many different things allegedly occurred during that time, and neither this court nor counsel know which of those things the first jury found did in fact occur <u>or</u> which of those things they found constituted the excessive force or punitive restraint.  Without knowing that, and without being able to instruct the second jury on what the first jury found on those questions, the issues of liability and damages cannot be effectively separated.

When the issues of damages can be determined separately from the issues of liability, a new trial can be ordered only on the issues of damages, as this court originally intended.[1]  Unlike the cases surveyed in the endnote, however, courts have declined to permit retrial only on the issue of damages where, as here, the issue is so interwoven and

4

1 inseparable from the liability issues that the trial of it alone
2 would deny the defendant a fair trial.  See Gasoline Prods. Co.,
3 283 U.S. 494; Sears v. S. Pac. Co., 313 F.2d 498, 503 (9th Cir.
4 1963) ("Since the judgment must be reversed, we have carefully
5 considered whether to remand the case for new trial on the
6 limited issue of damages, or a complete new trial covering all
7 issues. Our conclusion is that, because the evidence in either
8 event would largely be the same, a jury should be permitted to
9 consider and apply it, with the aid of the court's instructions,
10 to all issues rather than the isolated one of damages.").

11          Similarly, in United Air Lines, Inc. v. Wiener, 286
12 F.2d 302 (9th Cir. 1961), an order of the District Court
13 consolidating cases for joint trial on the issue of liability
14 and ordering the issues of damages tried separately by separate
15 juries was reversed because the issues of liability and damages,
16 compensatory or punitive, were not so distinct and separable
17 that separate trials could be held without injustice.  The court
18 noted that

> where parties are asking for exemplary damages which depend upon the degree of culpability of the defendant, they are required to establish by their evidence their contentions as to the degree of negligence" and the "question of damages is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty which would amount to a denial of a fair trial.

24 286 F.2d at 306.

25          For those reasons, the court must grant defendants'
26 motion for reconsideration and order that the retrial be on all
27 issues of the case.  Plaintiff has asked that this matter be
28 certified for immediate appeal pursuant to 28 U.S.C. § 1292(b).

This Order, considered together with the Order of June 26, 2008, involves the controlling legal questions of whether defendants are entitled to a new trial on the issue of damages and, if so, whether the issue of liability must be retried as well.  For the reasons stated in this and the previous Order, the court believes there are substantial grounds for differences of opinion on those questions.  An immediate appeal may well advance the ultimate termination of this litigation, particularly in that it could obviate the necessity for second or possibly a third trial if this court's assessment of the issues is determined to be wrong.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration of this court's Order of June 26, 2008 be, and the same hereby is GRANTED;

The Order of June 26, 2008, is hereby modified to grant defendants' motion for a new trial in its entirety, on all issues of liability and damages;

IT IS FURTHER ORDERED that the Order of June 26, 2008, as modified by this Order herein, is hereby certified for immediate appeal pursuant to the provisions of 28 U.S.C. § 1292(b);

AND IT IS FURTHER ORDERED that all proceedings in this case be, and they are hereby, STAYED pending resolution of the interlocutory appeal authorized in this Order.

DATED: September 30, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

1. For example, a new trial on damages alone has been ordered or upheld in the following cases:

**Cases Within the Ninth Circuit**

See Wharf v. Burlington Northern R.R. Co., 60 F.3d 631, 638 (9th Cir. 1995) (finding no reason to reopen the issues of liability so long as no injustice would result from a retrial on damages only); Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th Cir. 1984) (remanding for new trial on damages only); Nelson v. Equifax Info. Servs. L.L.C., 522 F. Supp. 2d 1222, 1237 (C.D. Cal. 2007) ("A partial new trial solely on damages may be ordered so long as it does not involve a tangled or complex fact situation that makes it unfair to determine damages apart from liability."); Real v. Continental Group, Inc., 627 F. Supp. 434, 452 (N.D. Cal. 1986) (denying defendant's motion for a new trial and for a partial new trial on the condition that plaintiff accept a remittitiur; plaintiff's failure to accept would result in a new trial limited solely to the issue of damages); Informatica Corp. v. Bus. Objects Data Integration, Inc., 2007 U.S. Dist. LEXIS 62743, at *7-16 (N.D. Cal. Aug. 16, 2007) (finding a portion of the damage award to be disproportionate in light of the evidence and granting a new trial on the issue of damages alone unless plaintiff accepts a remittitur); Automotive Prods. plc v. Tilton Eng'q, 1993 U.S. Dist. LEXIS 20814, at *3 (C.D. Cal. Nov. 18, 1993) (granting a new trial on the issue of damages alone and ordering new jury to be instructed that a previous jury had already found plaintiff/counterdefendant liable).

**Cases From Other Circuits**

See Banks v. Travelers Cos., 180 F.3d 358, 364 (2d Cir. 1999) ("[T]he error infecting the damages award [was] entirely separable from the underlying finding of liability, and . . . retrial of damages alone [was] appropriate"); Boucher v. United States Suzuki Motor Corp., 73 F.3d 18, 23 (2d Cir. 1996) ("[A] partial new trial limited to the issues of [damages] is just and appropriate because it clearly appears that those issues are sufficiently 'distinct and separable' from the others that a trial of [those issues] alone may be had without injustice."); Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 599 (4th Cir. 1996) (rejecting argument that new trial should encompass liability and compensatory damages and upholding new trial limited only to punitive damages); id. ("Considerations of economy, fairness, and repose may provide justification for preserving a jury's liability determination that has been fairly and fully made and ordering only a new trial on damages where there is no substantial indication that the liability and damage issues are inextricably interwoven, or that the first jury verdict was the result of a compromise of the liability and damage questions."); Brooks v. Brattleboro

Mem'l Hosp., 958 F.2d 525, 530-31 (2d Cir. 1992) ("It is well established that a partial new trial may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." (quoting Bohack Corp. v. Iowa Beef Processors, Inc., 715 F.2d 703, 709 (2d Cir. 1983))); Broan Mfg. Co. v. Associated Distribs., Inc., 923 F.2d 1232, 1241 (6th Cir. 1991) (finding damages issues were adequately distinct from the liability questions for a new trial on damages alone to be appropriate); Smith v. Lightning Bolt Prods., 861 F.2d 363, 375 (2d Cir. 1988) (ordering any new trial, in the event plaintiff rejects remittitur, to be limited to the issue of damages alone because it was a distinct, separate issue); Stein v. Bd. of N.Y., Bureau of Pupil Transp., 792 F.2d 13, 19 (2d Cir. 1986) (ordering new trial limited to damages issue); Sprague v. Boston & Maine Corp., 769 F.2d 26, 28 (1st Cir. 1985) ("The issue of damages [in this case] was so distinct and separable from the question of liability that allowing a second jury to determine only the amount of damages wrought no injustice on [Plaintiff]."); Walters v. Mintec/Int'l, 758 F.2d 73, 82 (3d Cir. 1985) (finding that since the excessiveness of the jury verdict did not in any manner implicate the jury's liability finding, the new trial, should one be required, may be limited to the issue of damages alone); Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1242 (5th Cir. 1985) (remanding for a new trial as to damages only where a prejudicial argument proffered by counsel was found to have no bearing on the liability issues in the case, but appeared to affect the issue of damages); Martell v. Boardwalk Enters., Inc., 748 F.2d 740, 756 (2d Cir. 1984) (affirming findings of liability, but reversing and remanding for a new trial on the issue of damages unless plaintiff accepted remittitur where court believed that the issue of damages was "sufficiently distinct from the other issues [such] that a separate trial may [have been] had without injustice"); Hadra v. Herman Blum Consulting Eng'rs, 632 F.2d 1242, 1246 (5th Cir. 1980) ("[W]here, as here, the jury's findings on questions relating to liability were based on sufficient evidence and made in accordance with [the] law, it was proper to order a new trial only as to damages."); Greenwood Ranches, Inc. v. Skie Constr. Co., 629 F.2d 518, 522 (8th Cir. 1980) ("[T]he evidence amply support[ed] the jury's liability findings but also that the issues of damages and liability [were] not so interwoven as to require a new trial on both."); Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, etc., 511 F.2d 839, 848 (4th Cir. 1975) (finding that trial court did not abuse its discretion by granting a second, partial trial on the issue of damages alone where the issues of liability and damages were not so inextricably interwoven that a new trial was required on all issues); Warner v. Rossignol, 538 F.2d 910, 914 (1st Cir. 1976) (affirming judgment on the question of liability and remanding to district court for a new trial on the issue of damages alone); Taylor v. Denver & Rio Grande W. R.R. Co., 438 F.2d 351 (10th Cir. 1971) (remanding case because of an erroneous instruction on damages, and limiting retrial to issues

pertaining to damages); id. ("The trial judge is afforded broad latitude to review jury awards that are asserted to be either excessive or inadequate, for he has both seen the witnesses and heard the testimony and is in the best position to determine whether the verdict is against the great weight of the evidence. The trial judge is given similarly broad power to limit the new trial to the issue of damages if liability has, in his opinion, been competently determined by the jury."); Pingatore v. Montgomery Ward & Co., 419 F.2d 1138, 1143-44 (6th Cir. 1969) (remanding for a new trial solely on issue of damages); Mason v. Mathiasen Tanker Indus., Inc., 298 F.2d 28, 33 (4th Cir. 1962) (finding that where there was ample evidence to support the jury's finding of defendant's liability, and the issues were separable, an error regarding damages entitled the plaintiff to a new trial on the sole issue of damages); Darbrow v. McDade, 255 F.2d 610, 611 (3d Cir. 1958) (upholding trial court's order to grant a partial trial limited to damages only because the issues of liability and damages were so distinct and separable that retrial of damages alone could be had without injustice); Atl. C. L. R. Co. v. Bennett, 251 F.2d 934, 938 (4th Cir. 1958) ("The propriety of directing a new trial to less than all of the issues of fact when they are separable has been recognized by the courts. . . . Not infrequently this procedure is adopted in the trial court when a motion for a new trial is granted at the instance of one of the parties and it appears to the court that justice can be done by limiting the retrial to the area in which error occurred. In such a situation the practice usually preserves to the moving party so much of the verdict as was in his favor and gives him an opportunity to try again the part which he has lost, but it ought not to be done unless it is clear that no injustice sill result. In other words, the practice should not be followed unless the issue to be retried is so distinct and separable from the others that the trial of it alone may be had without injustice."); Great Am. Indem. Co. v. Ortiz, 193 F.2d 43, 47 (5th Cir. 1951) (denying new trial on issue of expenses for medical attention and hospital services is reversed and remanded to the district court with directions to grant a new trial restricted to the issue of damages); Thompson v. Camp, 167 F.2d 733, 734 (6th Cir. 1948) ("In the present case the error causing a reversal of the judgment below had no effect on the determination by the jury of the other issues. It did not consist of evidence which was improperly received. On the contrary, it was an instruction from the Court which the jury should have been allowed to hear, instead of being withheld from it. It dealt solely with the element of damages and the failure to give it had no bearing on the determination of the other issues."); Conjugal P'ship Comprised by Jones v. Conjugal P'ship Comprised by Pineda, 798 F. Supp. 892 (D.P.R. 1992) (finding that a new trial on liability was unwarranted because the verdict on liability was not against the clear or great weight of the evidence but that damages were clearly excessive and required a new trial or remittitur).