UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DON ANTOINE,

     Plaintiff,

    v.

COUNTY OF SACRAMENTO,
DARIN GRIEM, CHRIS BAKER,
JOSEPH REEVE, BRIAN WADE,
and CHRISTOPHER BRITTON,

     Defendants.

_____/

NO. CIV. S-06-01349 WBS GGH

<u>ORDER RE: BILL OF COSTS</u>

----oo0oo----

     In April 2008, the parties tried this case for the first time and the jury returned a verdict in favor of plaintiff. In that trial, the jury awarded plaintiff $20,000 in compensatory damages, $50,000 in punitive damages against defendant Darin Griem, and $25,000 in punitive damages against each of the remaining officer defendants. On October 1, 2008, the court concluded that it had erred when instructing the jury on damages and granted defendants' motion for a new trial. After a second trial in March 2009, the jury returned a verdict in favor of all defendants. An amended judgment in favor of all defendants was

1

entered on April 14, 2009. Presently before the court is defendants' Bill of Costs totaling $16,002.02 and plaintiff's objections thereto.

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to the limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs). Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). If a district court declines to award costs to a prevailing party, the court must explain "why, in the circumstances, it would be inappropriate or inequitable to award costs." Id. at 593.

In determining whether to award costs against a plaintiff in a civil rights case, a district court "should consider the financial resources of the plaintiff and the amount of costs" sought by the defendant. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). In light of the plaintiff's financial resources and the amount of the potential award, a district court should also evaluate whether awarding costs may chill similar civil rights litigation in the future. Id. at 1080; see also id. ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since

Brown v. Board of Educ., 347 U.S. 483 [] (1954)."). The Ninth Circuit has also recognized that the denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the plaintiff's position was "not without merit." Ass'n of Mexican-Am. Educators, 231 F.3d at 593.

In a declaration in support of his objections to defendants' Bill of Costs, plaintiff states that an award of costs entered against him would create "an extreme financial hardship" for him and his family. (Antoine Decl. ¶ 8.) Specifically, plaintiff explains that he is currently unemployed, has no immediate prospects of employment, and has been homeless since May 2008. (Id. ¶¶ 4-5.) He also indicates that his lack of employment has made it difficult for him to make his child support payments and rendered him unable to continue to support his elderly mother. (Id. ¶¶ 9-10.) Lastly, plaintiff indicates that his current savings are insufficient to cover his basic living expenses and that he does not have other assets to satisfy an award of costs. (Id. ¶¶ 6, 11.)

Plaintiff's representations about his financial condition--made under penalty of perjury--suggest that a significant award of costs would render him indigent. See Stanley, 178 F.3d at 1079 ("[Plaintiff's] argument that payment of the costs would render her indigent is compelling. Indigency is a factor that the district court may properly consider in deciding whether to award costs."). Whether the threat of indigency is genuine, however, depends on the amount of the potential cost award. For example, the Ninth Circuit has concluded that a plaintiff's unemployment at the time costs were

initially taxed was "persuasive evidence" that an award of $46,710.97 in costs would render the plaintiff indigent. Id. at 1080; see also, e.g., Ass'n of Mexican-Am. Educators, 231 F.3d at 592-93 (upholding district court's denial of costs in the amount of $216,443.67). In this case, the costs plaintiff faces is significantly less than the award the plaintiff faced in Stanley. Nonetheless, the court does not question that an obligation to pay $16,002.02 when an individual is unemployed, homeless, and unable to satisfy current financial obligations would likely render that individual indigent.

The court also finds that the unique circumstances of this case make an award of costs against plaintiff inequitable and could chill meritorious civil rights actions to remedy alleged police misconduct. Unlike most cases in which a court must speculate whether a jury reached a "close" verdict, the jury's verdict in plaintiff's first trial demonstrates that plaintiff's case did not clearly lack merit. In that trial, the jury received proper instructions on liability and found that defendants had violated plaintiff's constitutional rights. The court ultimately set aside the jury's finding on liability because the court found that it had erred when instructing the jury on the issue of damages and that it could not conduct a second trial limited to damages without knowing the specific conduct that gave rise to the first jury's finding on liability. (See Sept. 30, 2008 Order 3:9-5:27.) The court did not, however, conclude that the incorrect instructions on damages tainted the first jury's finding of liability.

In light of the first jury's finding that defendants

violated plaintiff's constitutional rights, the court cannot conclude that plaintiff's civil rights case lacked merit simply because the second jury reached a different verdict. To the contrary, the different verdicts reflect the difficult constitutional issues both juries faced and the varying conclusions individual jurors may reach when assessing the reasonableness of particular conduct. Awarding significant costs against plaintiff under these circumstances would risk deterring a subsequent plaintiff with limited financial resources from pursuing a civil rights claim that may expose police misconduct. See Ass'n of Mexican-Am. Educators, 231 F.3d at 593 ("In keeping with our decision in Stanley, we note that divesting district courts of discretion to limit or to refuse such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases like this one might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all.").

Accordingly, because an award of costs against plaintiff would likely render him indigent and chill future meritorious civil rights actions, the court sustains plaintiff's objection to defendants' Bill of Costs and denies defendants' request to recover their costs in this matter.

IT IS THEREFORE ORDERED that defendants' request to recover costs be, and the same hereby is, DENIED.

DATED: May 5, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE